Dear Mr. Pugh:
On behalf of Hospital Service District No. 1 of East Baton Rouge Parish, Louisiana, which operates Lane Memorial Hospital, you have asked this office to reconsider Attorney General's Opinion No. 89-316. That opinion determined that a hospital service district is prohibited by La. Const. (1974) Art. VII, Sec. 14 from granting discounts on services rendered by the hospital to its employees on the basis that such a discount would constitute a "donation". As you are aware, Art. VII, Sec. 14 (A) pertinently provides that:
 ". . . the funds, credit, property, or things of the state or of any political subdivision cannot be loaned, pledged, or donated to or for any person . . ."
Please be advised that Opinion No. 89-316 is hereby recalled, as it is the opinion of this office that discounts on services provided to hospital employees are not donations or gratuities in either the vernacular or the constitutional sense of the word. Rather, such discounts are more properly characterized as non-cash compensation, or a benefit of employment. As such, such discounts do not violate Art. VII, Sec. 14.
Our opinion in this regard is consistent with that expressed in Opinion No. 90-249, which determined that tuition waivers for faculty, staff, and academic professionals at colleges and universities are not unconstitutional donations.
Additionally, we note and adopt the following reasoning, found in your correspondence:
 "While granting a discount on services performed could be said to be a `thing of value', the granting of such a discount under the circumstance presented cannot be said to be a donation. A donation is a gratuitous disposition of property. La. C.C. Art. 1647. Webster's Ninth New Collegiate Dictionary defines gratuitous as: `given, unearned or without recompense; not involving a return benefit, compensation or consideration.' In this age, employee compensation takes into consideration much beyond cash for services rendered; fringe benefits or `perks' including, holidays vacations, sick leave, jury duty leave, health and accident insurance, pension plans, uniforms, free parking, mutual savings plans, discounts on services and products, use of publicly owned automobiles, etc. All of these `perks' are part and parcel of the total compensation package for employees."
We are also cognizant of the provisions of R.S. 46:1071, et seq., designated "Enhanced Ability to Compete", the purpose of which is to "enhance the ability of a hospital service district to compete effectively and equally in the market for health care services." R.S. 46:1071. Your letter points out that other acute care hospitals in East Baton Rouge Parish provide discounts to their employees and physicians "similar to and/or equal to those provided by Lane Memorial". In our opinion, the provision of service discounts to employees should be construed as part of the employment contract entered into by the District and its employees, "to offer, provide, promote and establish" "hospital health services", as contemplated by R.S. 46:1077.
In addition to the recall of Opinion No. 89-316, this office also recalls Attorney General Opinion Nos. 91-488 and 82-96, to the extent those opinions are inconsistent with the opinion expressed herein.
Trusting this adequately responds to your request, and remain,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General